IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  OLIVIA SNOWDER, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 25-CIV- |
| v. | ) ) ) JURY TRIAL DEMANDED |
| 1.  PAYCOM PAYROLL, LLC, | ) ATTORNEY LIEN CLAIMED |
| Defendant. | ) ) |

## COMPLAINT

The Plaintiff, Olivia Snowder, provides the following allegations in support of her claims:

## PARTIES

1. The Plaintiff is Olivia Snowder, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is Paycom Payroll, LLC, a foreign limited liability company doing business in Oklahoma County, Oklahoma.

## CLAIMS

3. The Plaintiff asserts claims for discrimination on the basis of disability, including denial of accommodations, termination on the basis of disability and termination in retaliation for requesting disability accommodations, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et. seq.*, and violation of Plaintiff's rights under the Family and Medical Leave Act ("FMLA") including interference with Plaintiff's FMLA rights and retaliation for Plaintiff exercising and/or attempting to exercise her rights under the FMLA.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. Most of the actions given rise to Plaintiff's claims occurred in Oklahoma County. Oklahoma County is a county within the United States District Court for the Western District of Oklahoma such that venue is appropriate in this Court.

## STATEMENT OF FACTS

5. The Defendant employed at least fifty employees within seventy-five road miles for at least twenty weeks in the current or proceeding calendar year and is an employer under the ADA and FMLA.

6. The Plaintiff was employed by the Defendant from around 2013 until around January 21, 2025.

7. Plaintiff held the job title of Tax Supervisor, a position for which she was qualified and performed satisfactorily.

8. Plaintiff suffers from impairments including Postural Orthostatic Tachycardia Syndrome ("POTS") and related impairments which, without the ameliorative effect of mitigating measures would substantially limit one or more major life activities (including major bodily functions) such as circulation, heart function, blood pressure and/or adrenal function).

9. Around October 2024 Plaintiff's husband suffered a traumatic brain injury and was hospitalized for approximately eight days.

10. As a result, Plaintiff's husband began suffering from seizures and other conditions which, without the ameliorative effect of mitigating measures, would substantially affect at least one major life activity including thinking and brain function.

11. Plaintiff requested medical leave to care for her husband, including in or around December 2024 and January 2025.

12. At the time Plaintiff needed the medical leave to care for her husband, she had worked for the Defendant for at least one year, and had worked at least 1,250 hours in the previous twelve months.

13. The leave Plaintiff sought to care for her husband was medical leave protected by the Family and Medical Leave Act ("FMLA").

14. During this period, I was also suffering from heart-related symptoms, including chest pain, heart palpitations and similar symptoms.

15. Plaintiff was hospitalized for several days in or around 2024 for heart-related symptoms.

16. Around early December 2024 Plaintiff requested FMLA-protected medical leave to go to the emergency room for heart-related symptoms. Such request was also a protected request for accommodation under the ADA.

17. During this period Plaintiff was also suffering from sudden changes in my adrenal glands I was told are similar to "adrenaline dumps" which also affected my heart, my ability to think, move around and stand, among other symptoms.

18. Plaintiff requested FMLA leave in the form of intermittent time off work during flare ups of her symptoms. Such requests were also protected requests for medical accommodation under the ADA.

19. Plaintiff at all times kept her supervisors, including Ariel Dolezal and Trey Winfrey, informed and updated about her medical symptoms and need for scheduled adjustments because of her medical conditions.

20. Plaintiff also kept her supervisors updated on her husband's medical condition and her need for leave to care for her husband's medical needs.

21. In or around early January 2025, Plaintiff told her supervisors that she may need to continue taking intermittent medical leave for at least the next several months.

22. Defendant terminated Plaintiff's employment around January 21, 2025.

23. Plaintiff's supervisor, Ariel Dolezal, told Plaintiff she was being terminated because she was "no longer a good fit".

24. During this period, Defendant also terminated multiple employees with medical conditions, also stating such persons were no longer a "good fit".

25. Plaintiff's job position remained after her termination.

26. Plaintiff was terminated because she is disabled (including because she had an actual disability, a record of a disability and/or because Defendant regarded her as disabled), because she requested disability accommodations, because her husband is disabled (associational discrimination), because she requested ADA disability accommodations and/or because she exercised and/or attempted to exercise her rights under the FMLA.

27. As a direct result of the Defendant's conduct, the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, sadness, frustration and similar unpleasant emotions.

28. Plaintiff exhausted her administrative remedies for her ADA claims by timely filing an EEOC charge of discrimination in February 2025. The EEOC issued Plaintiff her right to sue letter on September 16, 2025 and Plaintiff received such letter thereafter. This

complaint is timely filed within ninety days of Plaintiff's receipt of her right to sue letter. There is no exhaustion requirement under the FMLA.

## COUNT I

Plaintiff incorporates the above paragraphs and further alleges:

29. Discrimination on the basis of disability, including denial of accommodation, termination on the basis of disability (including all definitions of disability under the ADA and because of Plaintiff's association with a disabled person), and termination in retaliation for requesting accommodations, violates the ADA.

30. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

31. Because the Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages.

32. The Plaintiff is also entitled to reinstatement, as well as attorneys' fees and costs as a prevailing plaintiff.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

33. Interference with an employee's rights under the FMLA, and terminating an employee in retaliation for exercising and/or attempting to exercise their FMLA rights, violates the FMLA.

34. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and an equal amount in liquidated damages.

35. The Plaintiff is also entitled to reinstatement, as well as attorneys' fees and costs as a prevailing plaintiff.

**WHEREFORE**, Plaintiff prays this Court grants her all relief including wage loss, emotional distress and other compensatory damages, punitive damages, liquidated damages, other equitable and legal relief, reinstatement, attorneys' fees, costs and all other relief this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 7th DAY OF NOVEMBER 2025**.

HAMMONS, HURST & ASSOCIATES

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
amber@hammonslaw.com
Jury Trial Demanded
Attorney Lien Claimed
*Counsel for Plaintiff*